IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD SNYDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-66 GMS |
| | ) | |
| | ) | |
| GPM2 LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

On February 2, 2007, the plaintiff, Richard Snyder ("Snyder") filed the above-captioned contract action against GPM2 LLC, Christy Management, LLC, Bonnie Benson, P.A., The Felton Bank of Delaware, James P. Connor, Jr., Unknown Title Insurance Company, and Sergovic & Ellis P.A. (collectively, the "defendants"). Presently before the court are motions to dismiss for lack of subject matter jurisdiction filed by several of the defendants. Because Snyder asserts diversity as the only basis for jurisdiction, pursuant to 28 U.S.C. § 1332, and because there is not complete diversity of citizenship, the court will dismiss this action.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's complaint. A motion to dismiss for lack of subject matter jurisdiction can take two forms: it can attack the complaint on its face (facial attack), or it can attack the existence of subject matter jurisdiction in fact (factual attack). *See Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). For a facial attack, the court must consider the allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor; for a factual attack, the trial court

is free to weigh evidence and satisfy itself as to the existence of its power to hear the case. *Id.* Here, the defendants make a facial challenge because they do not attack the merits of the complaint but, rather, claim that it is procedurally defective. Specifically, the defendants claim that Snyder has not and cannot allege complete diversity of citizenship. The court agrees.

Pursuant to 28 U.S.C. § 1332(a)(1), a federal court has jurisdiction over a case in which there is complete diversity of citizenship. The term "complete diversity of citizenship" means that "no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). Where a corporation is a named party to the litigation, it is "deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1) (emphasis added). Here, Snyder's complaint alleges that he is a resident of Delaware. (D.I. 1 ¶ 10.) The defendants' motions to dismiss assert that at least two corporate defendants – GPM2 LLC and Christy Management, LLC – are incorporated or have their principal places of business in Delaware. (See D.I. 6, at 4; id Ex. C; D.I. 22, at 6.) These defendants, therefore, are citizens of Delaware, the same state in which Snyder resides. As a result, no complete diversity of citizenship exists, and the clerk of court is directed to close this case.

Dated: January 22, 2008　　　　　　　　　　　　/s/ Gregory M. Sleet
　　　　　　　　　　　　　　　　　　　　　　CHIEF, UNITED STATES DISTRICT JUDGE